UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI MENDOTA,<br><br>  Respondent. | No. 1:23-cv-00147-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 12) |

Petitioner Juan Rodriguez ("Petitioner"), a federal inmate, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while he was incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition challenges the execution of Petitioner's sentence. (*Id*. at 6). Specifically, the Petition raises one claim: the Bureau of Prisons ("BOP") unlawfully excluded Petitioner from applying earned time credits (FTCs) due to his immigration detainer, which contravenes the First Step Act. (*Id*.); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release). Petitioner requests the Court to issue an injunction

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 9).

compelling the BOP to calculate and apply his earned time credits. (Doc. No. 1 at 7). Petitioner admits he did not exhaust his administrative remedies but argues exhaustion is futile because he is challenging a policy. (*Id*. at 7).

In response, Respondent filed a Motion to Dismiss with Appendix on April 27, 2023. (Doc. No. 12, 12-1). Respondent argues the Court lacks jurisdiction to consider the Petition because Petitioner has received the requested relief, the Petition fails to state a claim, and Petitioner did not exhaust his administrative remedies. (Doc. No. 12 at 2-5). Petitioner did not file a response to the motion, nor request an extension of time to respond, and the time for doing so has expired. (*See* Doc. No. 6 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss). For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I.  BACKGROUND

### A.  Procedural History

In 2009, Petitioner pled guilty in the Northern District of Georgia for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In 2012, Petitioner's sentence was modified to an aggregate term of 227 months of federal incarceration. *See United States v. Gonzalez et al.*, 1:08-cr-00356-WSD-ECS-8, Crim. Doc. Nos. 494, 591, 597, 961 (N.D. Ga.).[2] At the time Petitioner commenced this action, he was incarcerated in FCI Mendota. After Petitioner filed the operative Petition demanding calculation of his earned time credit under the First Step Act, BOP completed an FSA review of Petitioner's sentence and determined he has 365 of applied FTCs toward early transfer to supervised release, resulting in an advancement of his projected release date to December 11, 2023. (Doc. No. 12-1 at 3, 7-8).

### B.  The First Step Act

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step

---

[2] The undersigned cites to the record in Petitioner's underlying NDGA criminal cases as "Crim. Doc. No. _."

Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  One such reform under the First Time Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).  Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation."  *Id*.  These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release."  *Id.*

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score.  *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

3

"plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Mootness

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Here, Petitioner alleges the BOP policy unlawfully excludes him from earning and applying FTCs under the FSA because he had an immigration detainer. (Doc. No. 1 at 6). On November 18, 2022, the BOP issued Program Statement 5410.01 modifying its procedures to allow inmates with detainers to earn FTCs, if otherwise eligible, but precluding them from applying the FTCs until the detainers were resolved. U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, at 17 (Nov. 18, 2022),

https://www.bop.gov/policy/progstat/5410_01_cn2.pdf (*last visited* October 23, 2023). More recently, on February 6, 2023, the BOP issued a change notice to the Program Statement deleting the requirement that inmates have no detainers in order to apply FTCs. U.S. Dep't of Justice, Federal Bureau of Prisons, *Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)* (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (*last visited* October 23, 2023); *see also Alatorre v. Derr*, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023) ("As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits.").

Therefore, pursuant to current BOP policy, Petitioner is no longer precluded from earning and applying FTCs solely due to an immigration detainer. Rather, as noted by Respondent, "Petitioner is currently eligible to apply FSA FTCs, has 365 days of applied FTCs toward early transfer to supervised release, and has a projected release date of December 11, 2023." (Doc. No. 12-1 at 3). Because Petitioner has received the relief requested, and the challenged policy is no longer in place, the operative Petition is moot. Thus, the Court lacks jurisdiction to consider any claims raised in the Petition.

**B. Failure to Exhaust Administrative Remedies**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). However, the requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Because exhaustion is not required by statute, it is not jurisdictional. *Id*. (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc*., 811 F.2d 1209, 1223 (9th Cir. 1987)). If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*.

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile"). However, the Court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

When seeking administrative remedies, an inmate must first attempt informal resolution (BP-8). 28 C.F.R. § 542.13. Thereafter, the BOP makes available a formal three-level Administrative Remedy Program: (1) a Request for Administrative Remedy (BP-9) filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal (BP-10) filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal (BP-11) filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Here, Respondent indicates Petitioner has not presented his grounds for relief at any level of the BOP administrative remedy process. (Doc. No. 12-1 at 4). Petitioner appears to concede that he did not present either of his two grounds for relief at any level, and contends any appeal would be futile because he is challenging a BOP policy. (Doc. No. 1 at 7, 16-18). However, as discussed *supra*, subsequent to the filing of his Petition, BOP policy removed any restriction on earning and applying FTCs under the FSA based on an immigration detainer. Thus, exhaustion

would not be futile in this case, and the exhaustion requirement should not be excused. In the alternative, the Petition is subject to dismissal because Petitioner failed to exhaust administrative remedies.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 12) is GRANTED.
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED.
3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:    October 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE